

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Lee Curtis
County Attorney
Bell County
Belton, Texas

Dear Sir:

Opinion No. 0-6478
Re: Whether ex-servicemen
are required to pay for the
filing and recording of de-
layed birth certificate.

Your letter of March 16, 1945, requesting the opin-
ion of this department regarding the matters mentioned
therein is in part as follows:

"The County Clerk of Bell County has asked
for an opinion interpreting Article 1939-A of
Vernon's Annotated Texas Civil Statutes. Quite
a number of Ex-Servicemen have taken the position
that this Article requires the County Clerk to
file, free of charge, a delayed birth certificate
whenever it is necessary for the Ex-Serviceman or
his heirs-at-law to obtain a certified copy of
such birth certificate in connection with the
establishing of a claim relating to Military
Service.

"I have advised the County Clerk that in
my opinion Article 1939-A requires only that
the certified copy of the birth certificate be
furnished free of charge, and does not apply to
the fee for filing and recording the delayed
birth certificate. It appears to me from both
the title and body of the Act of the Legislature
that it was intended that the exemption from fees
should apply only to certificates and certified
copies of instruments. However, since the
question has been raised several times by

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Lee Curtis, page 2

ex-Servicemen and probably will be insisted
upon frequently in the future, both the County
Clerk and I will appreciate very much your
opinion about the matter."

We have carefully considered your question and have
concluded that you have correctly construed the statute, the
pertinent part of which is included in Section 1 thereof,
which provides:

"That from and after the effective date of
this Act, all County Clerks, District Clerks, and
other officials in this State who are required to
issue any form of certificate or any copy or copies
of instruments necessary as proof to establish any
claim or claims of any ex-servicemen of the federal
government, or any ex-members of the Auxiliaries
to the armed forces of the United States Government
shall issue such certificate, and likewise certified
copies of any instrument necessary to prove any facts
or establish any claim of such ex-service men or such
ex-members of the Auxiliaries, free of any charge,
and shall include the establishing of compensation
status, and any other necessary fact to be established
to aid and assist such ex-service men and ex-members
of the Auxiliaries in completing the record of such
service when necessary or required in the establish-
ment of claims and necessary service status, in
either World War I, the Spanish-American War, World
War II, or any other active service, where such ser-
vice was rendered, and where the person would on
proper proof, be entitled to compensation, insurance,
or any other form of adjusted settlement for ser-
vice rendered to the United States Government by
such ex-service men or ex-members of the Auxiliaries.
The County Clerk, District Clerk, or other officials
issuing such certificates or certified copies of
instruments, shall not be liable for any settle-
ment for any such reduction, and the same shall not
be counted as fees collected and chargeable to such
office, and shall form no part of the maximum fees
of such office. All of the provisions of Section 1
hereof, shall inure to the heirs at law of such ex-
service men and ex-members of the Auxiliaries, where
the proof is necessary to establish the claim eman-
ating through or under such ex-service men or

Honorable Lee Curtis, page 3

ex-members of the Auxiliaries."

Rule 51a of Article 4477, Vernon's Annotated Civil Statutes as amended by Acts of 1943, provides that any citizen of this State wishing to file the record of any birth or death certificate, not previously registered, may make application to the Probate Court in the county where the birth or death occurred on the adopted form of birth or death certificate; or such citizen wishing to file the record of any birth or death that occurred outside the State of Texas, not previously registered, may make application to the Probate Court in the county where he resides on the proper adopted form of birth or death certificate. Such an applicant is required at the time he files his application to pay a fee of One dollar, "fifty cents (50¢) of which shall be retained by the Clerk of the County Court for recording said birth or death certificate." Provision is also made for the collection of other fees under certain conditions where the County Judge is required to "order a trial of the issue as to the applicant's birth." Another provision of said Rule is:

"Certified copies of said birth or death certificate shall be issued by either the County Clerk or the State Registrar and fee for said certified copy shall be fifty cents (50¢)."

We here direct your attention to Article 102, Penal Code, and especially to that part which reads as follows:

"Any county officer or any district attorney to whom fees or costs are allowed by law who shall fail to charge up the fees or costs that may be due under existing laws, or who shall remit any fee that may be due under the laws, or who shall fail to make the report required by law . . . . shall be fined not less than twenty-five nor more than five hundred dollars. Each act forbidden by this article is a separate offense."

The county officers of Bell County are compensated on a salary basis. Section 5 of Article 3912e, Vernon's Annotated Civil Statutes, applicable to said county, among other things provides:

"It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them. As and when such fees are collected they shall be deposited in the Officers' Salary Fund, or funds provided in this Act. In event the Commissioners' Court finds that the failure to collect any fee or commission was due to neglect on the part of the officer charged with the responsibility of collecting same, the amount of such fee or commission shall be deducted from the salary of such officer."

Article 1939a is an exception to the mandatory provisions of Article 102 of the Penal Code and Section 5 of Article 1912e, which are general laws, requiring the county clerk and all other county officers to charge all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them.

It is an established rule of construction that a statute which constitutes an exception to a general law will be strictly construed and not extended beyond its plain terms by judicial construction. Baumberger v. Allen 101 Tex. 352, 107 S. W. 526; McCuistion v. Fenet (Civ. App.) 144 S. W. 1155; Simon v. Middleton (Civ. App.) 112 S. W. 441.

An examination of Chapter 166, Acts of the 48th Legislature, p. 267, (Art. 1939a) including its title, body and emergency clause, shows that it was clearly the purpose of the Legislature to limit the benefit of the Act to the enumerated classes of persons mentioned therein, for the specific purposes stated, and only to the extent of "any form of certificate or any copy or copies of instruments" or "certified copies thereof." Therefore, we are forced to conclude that those fees allowed the county clerk for recording a birth or death certificate or any other fee accruing to his office preliminary to such recording is not within the terms of the exception. However, the fee of fifty cents allowed the county clerk for issuing a certified copy of a birth or death certificate is clearly within the exception when issued to any person who is a member of any of the enumerated classes specified in the Act and for any of the purposes mentioned therein.

APPROVED APR 3, 1945

ATTORNEY GENERAL OF TEXAS

JCK:LJ

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

John C. Knott
Assistant

APPROVED OPINION COMMITTEE